RECEIVED
JUN 0 4 2004
LEONARD GREEN, Clerk

FILED
JUN 0 4 2004
JAMES BONINI, Clerk
CINCINNATI, OHIO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HERSHEL SLAUGHTER, Jr.,

   Petitioner

            -vs-

ANTHONY BRIGANO, Warden,

   Respondent.

Case No. 1:01 cv868

Judge J. Spiegel

Magistrate M.J. Hogan

---

**PETITIONER'S OBJECTION TO MAGISTRATE'S REPORT & RECOMMENDATION**

---

Petitioner, an inmate at the Warren Correctional Institution in Lebanon, Ohio, filed a timely pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

This Court issued an order upon Respondent to file the record in the case at bar, and to provide a return of writ. On the 25th of March 2004, Respondent was granted an extension of time to file the ordered documents, through and including April 8, 2004.

The Magistrate, in his report and recommendation asserts that "This matter is before the Court on the petition, repondent's re-

turn of writ and petitoner's traverse. (Docs.1,5,6)" However, if there was a critical review of the docket in the instant case, it would be clear that respondent has not provided petitioner with a return of writ, and therefore, petitioner has not filed a traverse.

This leaves to question the nature and basis of the Magistrate's report and recommendation when it alleges that it was founded upon filings that are not a part of the record.

If respondent did file a return of writ, as stated by the Magistrate in his report and recommendation, petitioner was not notified of such filing nor given a copy of such filing. See 28 U.S.C. § 2254(b)

Pursuant to Fed. R. Civ. P. 72(b) Petitioner objects to the Magsitrate's report and recommendation, and request that the record in the case be forwarded to him, so that he can properly file his objections. Not having received any portions of the record or respondent's return of writ has handicapped Petitioner to the extent that he is not able to perfect and file his objections in such a way that would clearly state his claims. It is not fair that Respondent and the Magistrate are privileged to the entire record in this case, and Petitioner receives nothing to enable him to object to the Respondent's return of writ or the Magistrate's report and recommendation.

Petitioner recognizes that his appeal to the Ohio Supreme Court was a discretionary appeal and not an appeal of right, because it was an appeal that the Ohio Supreme Court may allow or disallow. Rule 11, § 1(A)(3) of the Rules of Practice of the Supreme Court. Thereby, petitioner has no constitutional right to assistance of counsel during his appeal to the Ohio Supreme Court, and his claim that his attornies ineffectiveness was cause for the procedural default will not stand on habeas review.

However, the Magistrate asserts that petitioner failed to show that trial counsel's failure to address the issue of the missing interrogation tape until closing argument resulted in prejudice is clearly off point, because there was exculpatory evidence on the tape, which is why the prosecution alleges that it was somehow lost. The Magistrate alleges that "there was no evidence that the tape had information favorable to petitioner." That is an issue of fact that is in dispute, and without the tape the Magistrate can not resolve this issue, and assume that the State/Prosecution did not commit a violation under **Brady v. Maryland**, 373 U.S. 83, 87 (1963).

Therefore, it is necessary to provide petitoner with opportunity to resolve the factual dispute, with an evidentiary hearing that will establish on the record that the **missing tapes** contain exculpatory evidence that would cause reasonable jurist to resolve petitioner's claims in a different manner. This would permit petitioner to show that the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted petitoner. See **28 U.S.C. § 2254(e)(2)(B) (2000)**. Section 2254(e)(2) holds that the decision to hold and evidentiary hearing is a statutory determination to settle factual disputes.

28 U.S.C. § 2254(d) clearly specifies the circumstances under which a federal hearing is mandatory. The burden of proving that an evidentiary hearing is required rest upon petitioner, and in the instant case the record clearly reflects that there was never an adequate opportunity given to petitioner to establish the fact that the interrogation tape the prosecution alleged to be missing contained exculpatory evidence that would have caused the jury to view the evidence in favor of petitioner in a different light, and changed the outcome of the trial.

Petitioner was denied his constitutionally guaranteed right to due process of law when the prosecution with held exculpatory evidence that would have proven favorable to his defense and changed the outcome of the proceedings, in violation of **Brady v. Maryland**, 373 U.S. 83, 87 (1963). Pursuant to 28 U.S.C. § 2254(d) the factual dispute of the exculpatory nature of the tape in question must be reseolved by an evidentiary hearing in accordance to the Rules governing § 2254 cases in the United States District Courts.

28 U.S.C. § 636(b) mandates that an evidentiary hearing must be held under circumstances such as those before the Court in the case at bar. **Rule 8(c) of § 2254** holds that the judge/magistrate shall appoint counsel for a petitioner who qualifies for the appointment of counsel under 18 U.S.C. § 3006A(g), and that the hearing shall be conducted as promptly as practible, having regard for the need ofcounsel for both parties for adequate time for investigation and preparation. Rule 8(c) of 2254.

Furthermore, these rules do no limit the appointment of counsel under 18 U.S.C. 3006A at any stage of the proceedings if the interest of justice so requires, and the interest of justice surely requires such that counsel be appointed to represent petitioner throughout the entire habeas proceedings. Rule 8(c) of 2254.

In <u>Townsend v. Sain,</u> 372 U.S. 293, 319 (1963) the United States Supreme Court held that an evidentiary hearing is madatory when "...the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in collateral proceeding. The appropriate standard has been set by the United States Supreme Court and there can be no question as to whether the standards apply in the case at bar, because the function of an evidentiary hearing is to try issues of fact that are in dispute. (372 U.S. at 309).

In the case at bar the fact is that the interrogation tape that would prove favorable to petitioner's claim of innocence mysteriously was lost by the prosecution, when the remaining tapes that were favorable to the prosecution were all preserved and presented at trial. This is no coincidence or accidental loss, but rather a clearly unconstitutional violation of the rewquirements established in <u>Brady</u> by the United States Supreme Court.

Therefore, as is mandated by law, Petitioner demands his right to an evidentiary hearing to prove that the prosecution did withhold exculpatory evidence that would have changed the outcome of the proceedings in question.

## CONCLUSION

Petitioner was served his copy of the Magistrate's Report & Reccommendation on May 18, 2004, from the Warren Correctional Institution Mailroom, which permits him until May 28th to file his written objections, pursuant to Fed.R. Civ.R.72(b). He

Petitioner has shown good cause why his petition for a writ of habeas corpus should not be dismissed, and in accordance to law requires an evidentiary hearing to settle facts in dispute. He has, in good faith, placed his objections in the hands of the Mailroom personnel, here at the Warren Correctional Instituion, and prays that it will be filed in a timely manner.

Respectfully Submitted,

Hershel SLaughter
Petitioner, Pro Se
Warren Correctional Inst.
P.O. Box-120/#363-213
Lebanon, Ohio 45036

## CERTIFICATE OF SERVICE

I, Hershel Slaughter Jr., hereby certify that a true copy of the foregoing document has beeen sent to the attorney of the Respondent, Jim Petro, Ohio Attorney General, through his Asst., Diane Mallory, Corrections Litigation Section, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215, via regular U.S. Mail, on the 16th day of May 2004.

Hershel Slaughter, Petitioner

5/25/2004
Date