```
            UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF OHIO
                  WESTERN DIVISION
```

HERSHEL SLAUGHTER, Jr.,           :
                                  : NO. 1:01-CV-00868
        Petitioner,               :
                                  :
                                  : **OPINION AND ORDER**
    v.                            :
                                  :
                                  :
ANTHONY BRIGANO,                  :
                                  :
        Respondent.               :
                                  :

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 14) and Petitioner's Objections (doc. 15).

Petitioner Hershel Slaughter, Jr., an inmate in state custody at the Warren Correctional Institution in Warren County, Ohio, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1). Following a jury trial in the Hamilton County, Ohio, Court of Common Pleas, Petitioner was convicted of two counts of aggravated murder, one count of aggravated burglary, and one count of aggravated robbery (doc. 14). The court sentenced Petitioner to consecutive terms of life with parole eligibility after thirty years for the aggravated murder and ten years of incarceration for the aggravated robbery (Id.). Petitioner filed the present petition premised on theories of ineffective assistance of counsel, unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant, and insufficiency of

evidence (Id.).

On May 14, 2004, the Magistrate Judge issued his Report and Recommendation, recommending Petitioner's petition for writ of habeas corpus be denied with prejudice (doc. 14). The Magistrate Judge found that Petitioner has waived his first ground for relief and part of his second ground for relief due to procedural defaults committed in state court (Id.). The Magistrate Judge found that Petitioner's first ground for relief, his claim for ineffective assistance of trial counsel, was not raised on direct appeal to the Ohio Supreme Court (Id.). The Magistrate Judge further found that Petitioner failed to provide any justification for the procedural default of his claim that the state withheld evidence (Id.). The Magistrate Judge concluded Petitioner waived these grounds for relief for purposes of federal habeas corpus review because he did not provided the highest state court in Ohio with an opportunity to correct any alleged constitutional error. See Leroy v. Marshall, 757 F.2d 94, 99-100 (6th Cir. 1985).

Next, the Magistrate Judge found Petitioner is not entitled to habeas corpus relief based on his claims that the waiver of his Miranda rights and the statements he made to police were involuntary or unintelligent, as asserted in his second ground for relief (Id.). The Magistrate Judge found that Petitioner was informed of his Miranda rights on several occasions, when he was taken into custody, when he arrived at the station for questioning,

2

and when a second interview commenced by a new detective (Id.). The Magistrate Judge further noted that Petitioner signed and initialed a written waiver form, that he indicated he understood, that he had a GED, and that despite the fact he smelled of alcohol, there is no evidence he was so intoxicated he could not understand his rights or that he was waiving them (Id.). The Magistrate Judge also found no evidence of coercion, such that his waiver was given voluntarily (Id.).

As for Petitioner's third ground for relief, the Magistrate Judge found Petitioner is not entitled to relief based on the claim that the evidence was insufficient to support his convictions (Id.). The Magistrate Judge reviewed the record and found any rational trier of fact could have found that Petitioner committed the aggravated murder, aggravated robbery, and aggravated burglary offenses beyond a reasonable doubt (Id.). The Magistrate Judge therefore concluded that the ruling of the Ohio Court of Appeals on the sufficiency of the evidence with respect to these crimes comports with the Supreme Court's standard enumerated in Jackson v. Virginia, 443 U.S. 307, 319 (1979), and was based on a reasonable assessment of the facts in light of the record evidence (Id.).

Petitioner filed his Objection to the Magistrate Judge's Report and Recommendation on June 4, 2004 (doc. 15). Petitioner claims that there was no return of writ, although the docket

3

reflects that the return of writ took place on April 16, 2002 (doc. 5). Petitioner next argues that he lacks a complete copy of the record such that it is impossible for him to adequately object to the Magistrate Judge's findings (doc. 15). Petitioner also reiterates that exculpatory evidence exists on his interrogation tape, which his counsel only brought up in his closing argument (Id.). Petitioner requests an evidentiary hearing to prove that the prosecution withheld exculpatory evidence that would have changed the outcome of his trial (Id.).

The Court finds no merit in Petitioner's objections. Petitioner initially filed his petition on December 14, 2001, and had adequate time to obtain whatever documentation he needed to support his petition. Petitioner's objections fail to even address the Magistrate Judge's well-grounded legal conclusions, something that he could have done even without possessing a complete copy of his record. Petitioner's argument based on alleged exculpatory evidence on the interrogation tape is not well-taken, as the Magistrate Judge properly concluded that such issue was waived by procedural defaults in the state court (doc. 14).

Proper notice was provided to the Petitioner under Title 28 U.S.C. § 636(b)(1)(C), including the notice that he would waive further appeal if he failed to file an objection to the Magistrate Judge's Report and Recommendation in a timely manner. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation to be thorough, well-reasoned, and correct. Accordingly, the Court hereby ADOPTS the Magistrate Judge's report (doc. 14), AFFIRMS the Magistrate Judge's recommended decision (Id.), and DENIES WITH PREJUDICE Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1). Further, this Court CERTIFIES pursuant to 28 U.S.C. § 1915(a) that an appeal from this Order adopting the Magistrate Judge's Report and Recommendation would not be taken in "good faith" and DENIES Petitioner leave to proceed on appeal in forma pauperis. Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997). Finally, the Court FINDS that a certificate of appealability should not issue with respect to the dismissal on procedural default grounds of the claim for relief alleged in the petition as ground one and with respect to the dismissal on procedural default grounds of Petitioner's claim that the state withheld evidence alleged in the petition as ground two because "jurists of reason would not find it debatable whether this Court is correct in its procedural ruling" as required under the first prong of the two-part standard enunciated in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), which is applicable to procedurally-barred claims. Because this Court finds Petitioner has not met the first prong of the Slack standard, it need not address the second prong

of Slack as to whether "jurists of reason" would find it debatable whether grounds one and two state valid constitutional claims. A certificate of appealability also should not issue with respect to Petitioner's claim challenging the validity of his waiver of Miranda rights and his admissions to police alleged in the petition as ground two and Petitioner's claim alleged in ground three, which this Court has considered on the merits, because for the foregoing reasons, Petitioner has failed to make a substantial showing of the denial of a constitutional right remediable in the federal habeas corpus proceeding. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Petitioner has not shown that reasonable jurists could debate whether these claims should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 323-324 (2003)(quoting Slack, 529 U.S. at 483-84)(in turn quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983).

    SO ORDERED.

Dated: September 29, 2005    s/S. Arthur Spiegel
    S. Arthur Spiegel
    United States Senior District Judge