**RECEIVED**

OCT 2 8 2005
**Leonard Green**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Hershel Slaughter, Jr., | : | Case Number: 1:01-cv-00868 |
| Petitioner | | |
| | : | |
| vs. | | |
| | : | |
| Wanza Jackson, | | |
| Respondent. | : | |
| | : | **FILED** |

OCT 2 8 2005

**REQUEST FOR A CERTIFICATE OF**
**APPEALABILITY**

**JAMES BONINI, Clerk**
CINCINNATI, OHIO

The Petitioner, Hershel Slaughter, Jr., has filed a Writ of Habeas Corpus Pe-
tition pursuant to 28 U.S.C.§2254 (doc. 1). Following a jury trial in the Hamil-
ton County, Ohio Court of Common Pleas, Petitioner was convicted of two counts of
aggravated murder, one count of aggravated burglary, and one count of aggravated
robbery (doc. 14). The court sentenced Petitioner to consecutive terms of life
with parole eligibility after thirty years for aggravated murder and ten years of
incarceration for aggravated robbery (Id.).

Petitioner filed a writ of Habeas Corpus on theories of ineffective assistance
of counsel, unconstitutional failure of the prosecution to disclose to the defend-
ant evidence favorable to the defendant, and insufficiency of evidence. (Id.).

On May 14, 2004, the Magistrate Judge issued his Report and Recommendation,re-
commending Petitioner's petition for writ of habeas corpus be denied with prejud-
ice (doc. 14).

I.  The Magistrate Judge found that Petitioner has waived his first ground for relief and part of his second ground for relief due to procedural defaults committed in state court (Id.). The Magistrate Judge found that Petitioner's first ground for relief, his claim for ineffective assistance of trial counsel, was not rasied on direct appeal to the Ohio Supreme Court (Id.). The Magistrate Judge further found that Petitioner failed to provide any justification for the procedural default of his claim that the state withheld evidence (Id.).

The Magistrate Judge concluded Petitioner waived these grounds for relief for purposes of federal habeas corpus review because he did not provide the highest state court in Ohio with an opportunity to correct any alleged constitutional error.

Next, the Magistrate Judge Found Petitioner is not entitled to habeas corpus relief based on claims that the waiver of his Miranda rights and the statements he made to police were involuntary or unintelligent, as asserted in his second ground for relief (Id.) The Magistrate Judge found that Petitioner was informed of his Miranda rights on several occasions, when he was taken into custtody,when he arrived at the station for questioning and when a second interview commenced by a new detective (Id.). The Magistrate Judge further noted that Petitioner signed and initialed a written waiver form, that he indicated he understood, that he had a GED, and that despite the fact he smelled of alcohol, there is no evidence he was so intoxicated he could not understand his rights or that he was waiving them (Id.).

II. The Magistrate Judge made this determination without first, searching to validate Petitioner's claim of being so intoxicated that he was not in his right mind, and that any statements made in such an impaired state, could not demonstrate he made any statements understanding his rights, while in such a intoxicated state.

The interviewing officer's could have done more to make sure that they were taking those statements, while protecting a persons rights, instead of asking an intoxicated persons questions that was meaningless to a person in such a state.

But, instead of securing Petitioner's rights, the interviewing officer pressed forwarded with their interview and illiciting daming information that would condemn one whom is truely innocence of the alleged crimes.

The interviewing officer's smelled a strong smell of alcohol on Petitioner, and should have known that Petitioner was a heavy drug user, because he was on probation at the time for Drug Abuse, and having in his possession drug paraphernalia, which he used in comitting drug abuse.

These clues should have alerted officer's that to proceed with their interview at that time would infringe on Petitioner's rights of clearly understanding his Miranda rights, that are protected under the United States Constitution, but in most case's of Defendant's whom is poor, and uneducated, they could have felt that it would never be challenged, and if challenged, like in Petitioner's situation, their challenge would most likely be unsuccessful, as seem to be the case in Petitioner's situation again.

Therefore, in the interest of justice, Petitioner prays that the Sixth Circuit will grant petitioner request for a certificate of appealability, and conduct an evidentiary hearing to determine once and for all if what petitioner has been alleging all this time has any truth to the matter.

The only evidence that connect petitioner to any crime, is the statements Petition made while heavly intoxicated, and under the infleunce of drugs. Petitioner, prays that this Court will see fit to grant his request, for the interest of justice

In the alternative, Petitioner prays that this Court will Stay the proceedings,

3

to allow him to return back to the state courts to fully exhaust any and all
unexhausted claims of ineffective assistance of allelate counsel, and prosecutor-
ial misconduct which District Court asserts that were procedural defaulted in st-
ate  court.

Petitioner now realize's that without his proceeding being stayed in this Court,
or dismissed without prejudice, his opportunity of being exonerated of this wrong-
ful conviction will pass him up.

Petitioner prays this Court to realize that he is acting in the form of Pro Se,
and is unfamilar with law, and is learning as he go, and because of his lack of
knowledge, he is limited in research ablilty's, and because of his nature of con-
finement, being in a close security prison, his access to legal material is limited.

Petitioner is not asking this Court to ignore the finality doctrine of a Judg-
ment, but Petitioner believes that this Court has the authority, and power to stay
a proceeding,or dissmiss a proceeding without prejudice, to allow him to return
back to state court, and fully exhaust those claims that the district court asserted
that has been procedural defaulted, and return  after issue's has been preserved.
It is so prayed.

Respectfully submitted,

4

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing ____ **Jim Petro, Attorney General**

**office** _____

was sent to the **State of Ohio** _____ county, Prosecutor **Jim Petro** _____

at **140 E. Town St., Suite 1400, Columbus, Ohio 43215** _____

by U.S. Mail on the **22** ___ day of **October** _____ , 2004 **5** .

Defendant, *Pro Se*